# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH A. NOWAKOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 1305 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| BANK OF AMERICA, N.A., et al., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court grants Defendant's motion to dismiss for lack of standing under Federal Rule of Civil Procedure 12(b)(1) without prejudice. [9]. Status hearing set for 6/29/17 is stricken.

## STATEMENT

On February 20, 2017, Plaintiff Joseph A. Nowakowski filed the present lawsuit against Defendant Bank of America, N.A. alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") and a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 ("ICFA"). Plaintiff has since voluntarily dismissed his ICFA claim. Before the Court is Defendant's motion to dismiss for lack of standing brought pursuant to Rule 12(b)(1). For the following reasons, the Court grants Defendant's motion without prejudice.

## LEGAL STANDARDS

Because standing implicates the Court's subject matter jurisdiction, the Court reviews Defendant's standing arguments under Rule 12(b)(1). *See Lardas v. Grcic,* 847 F.3d 561, 565 (7th Cir. 2017). Defendant is factually challenging Plaintiff's standing, therefore, the Court "may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists." *Silha v. ACT, Inc.,* 807 F.3d 169, 173 (7th Cir. 2015). The party invoking federal jurisdiction bears the burden of establishing the required elements of standing. *See Clapper v. Amnesty Int'l USA,* 133 S. Ct. 1138, 1148 (2013); *Johnson v. U.S. Office of Personnel Mgmt.,* 783 F.3d 655, 661 (7th Cir. 2015).

## BACKGROUND

In his Complaint, Plaintiff alleges that on May 30, 2008, he executed a mortgage to secure a promissory note in the amount of $350,682.00. (R. 1, Compl. ¶ 7.) He further states that the promissory note was payable in monthly installments of principal and interest in the

amount of $2,216.55 with a maturity date of June 1, 2038. (*Id.* ¶ 8.) In 2013, Plaintiff experienced a loss of income and eventually defaulted on his mortgage payments. (*Id.* ¶ 9.) Plaintiff also alleges that throughout 2013 and 2014, Defendant persistently placed calls to his cellular telephone to attempt to collect on Plaintiff's mortgage loan. (*Id.* ¶ 10.) In response, Plaintiff advised Defendant that he was working towards a deed-in-lieu of foreclosure and demanded that Defendant cease placing collection calls to him. (*Id.* ¶¶ 11, 12.) Plaintiff asserts that notwithstanding his revocation of consent to receive calls, Defendant placed no less than 433 calls to his cellular telephone from 2013 to present day – no less than 50 calls of which Plaintiff has answered and renewed his request that Defendant cease placing calls to him. (*Id.* ¶ 21.)

Less than a week after filing the present lawsuit, on February 27, 2017, Plaintiff filed for Chapter 13 bankruptcy protection in the United States Bankruptcy Court for the Northern District of Illinois, case number 17-B-80396. On Schedule C of his Bankruptcy Petition, Plaintiff lists his TCPA claim as an exemption from the bankruptcy estate pursuant to 735 ILCS 5/12-1001(b).

## ANALYSIS

In the present Rule 12(b)(1) motion to dismiss for lack of standing, Defendant argues that Plaintiff lacks standing to bring this lawsuit because his TCPA cause of action accrued prior to the commencement of a bankruptcy case, and thus this legal claim is the bankruptcy estate's property. *See* 11 U.S.C. § 541(a); *Peterson v. McGladrey & Pullen, LLP,* 676 F.3d 594, 598 (7th Cir. 2012) (Section 541(a) "provides that an estate in bankruptcy includes all of the debtor's 'property', a word that comprises legal claims."). Under these circumstances, Defendant argues that only the bankruptcy trustee has standing to assert Plaintiff's TCPA claim.

In response, Plaintiff argues that as a Chapter 13 debtor-in-possession, he has concurrent standing with the bankruptcy trustee to pursue legal claims. Indeed, "Chapter 13 grants debtors 'possession of the estate's property,' which includes legal interests and the right to bring 'legal claims that could be prosecuted for benefit of the estate.'" *In re Smith,* 811 F.3d 228, 241 (7th Cir. 2016) (citations omitted). In other words, "[a]lthough there is a trustee in a Chapter 13 bankruptcy, the trustee acts as an advisor and administrator while the debtor remains in possession of the estate," thus the debtor "can pursue legal claims for the benefit of the estate and its creditors." *Rainey v. United Parcel Serv., Inc.,* 466 Fed. Appx. 542, 544 (7th Cir. 2012). On the other hand, in liquidation proceedings, "*only* the trustee has standing to prosecute or defend a claim belonging to the estate." *Cable v. Ivy Tech State Coll.,* 200 F.3d 467, 472 (7th Cir. 1999), *overruled on other grounds Hill v. Tangherlini,* 724 F.3d 965 (7th Cir. 2013) (emphasis in original). Although Plaintiff is correct that a debtor-in-possession has concurrent standing with the bankruptcy trustee, this standing pertains to "legal claims that could be prosecuted for benefit of the estate." *In re Smith,* 811 F.3d at 241. As such, a debtor-in-possession does not have concurrent standing to bring claims for his or her own personal benefit. *See Cable*, 200 F.3d at 472-73; *Calvin v. Potter,* No. 07 C 3056, 2009 WL 2588884, at *3 (N.D. Ill. Aug. 20, 2009).

On Schedule C of his Bankruptcy Petition, Plaintiff lists his TCPA claim as an exemption to his bankruptcy estate under 735 ILCS 5/12-1001(b). *See Matter of Salzer,* 52 F.3d 708, 711 (7th Cir. 1995) ("debtor can prevent certain property from being used to satisfy his creditors by

2

claiming it as exempt"). Here, the Bankruptcy Court has yet to determine the validity of this exemption, therefore, Plaintiff does not have standing to bring this lawsuit on his own behalf. *See Ball v. Nationscredit Fin. Servs. Corp.,* 207 B.R. 869, 872 (N.D. Ill. 1997) (debtor "did not have an interest in the TILA and related claims from the date she filed her bankruptcy petition until a determination as to the validity of the claimed exemption became final."); *see also Matter of Salzer,* 52 F.3d at 712 (trustee continues to administer exempted property "until such time as its value is definitively determined"). Because Plaintiff "did not have standing to bring this action at the time it was filed, it must be dismissed for lack of subject matter jurisdiction. Such dismissal is without prejudice." *Ball,* 207 B.R. at 873. The Court therefore grants Defendant's motion without prejudice.

**Dated:** May 15, 2017  _____
**AMY J. ST. EVE**
**United States District Court Judge**